IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JACARA THOMPSON, individually and as next friend of J.T., a minor, | |
| Plaintiff, | **8:23CV245** |
| v. | |
| TODD SCHMADERER, individually and in his capacity as Chief of Police for City of Omaha; BRIAN DIMINCO, individually and in his capacity as a City of Omaha Police Officer; TYLER BOYER, individually and in his capacity as a City of Omaha Police Officer;  OFFICER PHILLIPS, individually and in his capacity as a City of Omaha Police Officer; and CITY OF OMAHA, NEBRASKA, DOUGLAS COUNTY, | **ORDER** |
| Defendants. | |

This matter is before the Court on the magistrate judge's[1] Findings and Recommendation (Filing No. 90) recommending that plaintiff Jacara Thompson's ("Thompson") counsel's Motion to Incur Expenses from the Federal Practice Fund and for Approval of Fees be granted in part and denied in part. *See* 28 U.S.C. § 636(b)(1) (allowing a district judge to "designate a magistrate judge to conduct hearings . . . and to submit" proposed findings and recommendations).

Section 636(b)(1)(C) allows a party to object in writing to a magistrate judge's "proposed findings and recommendations" "[w]ithin fourteen days after being served with

---

[1]The Honorable Jacqueline M. DeLuca, United States Magistrate Judge for the District of Nebraska.

a copy." *See also* Fed. R. Civ. P. 72(b)(3); NECivR 72.2.  Neither party has objected or otherwise responded.

Pursuant to the Amended Plans for the Administration of the Federal Practice Fund and the Federal Practice Committee (the "Federal Practice Fund Plan"), "applications for authorization to incur expenses must set forth the purposes for incurring the expenses, the estimated cost, the applicant's efforts to keep the cost as low as possible, and the applicant's efforts to obtain funds from other sources to pay the expenses."  The Federal Practice Fund includes a non-exhaustive list of expenses counsel may incur that are eligible for reimbursement.  Among those eligible expenses are reasonable "expert witness fees and expenses," "court report fees for depositions," and mileage.

After careful review of the motion, the magistrate judge's Findings and Recommendation, and the Federal Practice Fund Plan, the Court finds Thompson's motion to incur expenses (Filing No. 74) should be granted in part and denied in part, as described in the Findings and Recommendation.[2]  The magistrate judge's Findings and Recommendation (Filing No. 90) is accepted.

IT IS SO ORDERED.

Dated this 8th day of June 2026.

BY THE COURT:

Robert F. Rossiter, Jr.
Chief United States District Judge

---

[2]Thompson and counsel are reminded of the provisions of Section VI(D) of the Federal Practice Fund Plan which provides in part: "An application for authorization to incur litigation or mediation expenses to be paid from the Fund constitutes an agreement that should the applicant obtain a monetary recovery in the case by judgment or settlement, the applicant will repay the Fund from such recovery before the remainder is distributed, unless otherwise ordered."